**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEX CICCOTELLI, )<br>)<br>Plaintiff, )<br>) Case No. _____<br>v. )<br>) JURY TRIAL DEMANDED<br>)<br>CALLAWAY GOLF COMPANY, OLIVER )<br>G. BREWER, SAMUEL H. ARMACOST, )<br>SCOTT H. BAXTER, JOHN C. CUSHMAN, )<br>III, LAURA J. FLANAGAN, RUSSELL )<br>FLEISCHER, JOHN F. LUNDGREN, )<br>ADEBAYO O. OGUNLESI, LINDA B. )<br>SEGRE, ATHONY S. THORNLEY, 51 )<br>STEPS, INC., and TOPGOLF )<br>INTERNATIONAL, INC., )<br>)<br>Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On October 27, 2020, Callaway Golf Company's ("Callaway" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Callaway to enter into an agreement and plan of merger (the "Merger Agreement") with Topgolf International, Inc. ("Topgolf") and 51 Steps, Inc. ("Merger Sub").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Topgolf, with Topgolf surviving as a wholly-owned subsidiary of Callaway; and (ii) Callaway will issue approximately 90,000,000 shares of Callaway common stock to stockholders of Topgolf for 100% of the outstanding equity of Topgolf (the "Proposed

Transaction").

3. On November 24, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that Callaway's stockholders vote to approve, among other things, the issuance of shares of Callaway common stock in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Callaway common stock.

9. Defendant Callaway is a Delaware corporation and a party to the Merger Agreement. Callaway's common stock is traded on the New York Stock Exchange, which is headquartered in New York, New York, under the ticker symbol "ELY."

10. Defendant Oliver G. Brewer is President, Chief Executive Officer, and a director of the Company.

11. Defendant Samuel H. Armacost is a director of the Company.

12. Defendant Scott H. Baxter is a director of the Company.

13. Defendant John C. Cushman, III is a director of the Company.

14. Defendant Laura J. Flanagan is a director of the Company.

15. Defendant Russell Fleischer is a director of the Company.

16. Defendant John F. Lundgren is Chairman of the Board of the Company.

17. Defendant Adebayo O. Ogunlesi is a director of the Company.

18. Defendant Linda B. Segre is a director of the Company.

19. Defendant Anthony S. Thornley is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Callaway, and a party to the Merger Agreement.

22. Defendant Topgolf is a Delaware corporation and party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Proposed Transaction*

23. On October 27, 2020, Callaway's Board caused the Company to enter into the Merger Agreement with Merger Sub and Topgolf.

24.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Topgolf, with Topgolf surviving as a wholly-owned subsidiary of Callaway; and (ii) Callaway will issue approximately 90,000,000 shares of Callaway common stock to stockholders of Topgolf for 100% of the outstanding equity of Topgolf.

25.     According to the press release announcing the Proposed Transaction:

Callaway (NYSE:ELY) and Topgolf Entertainment Group ("Topgolf") today announced that the companies have entered into a definitive merger agreement. Under the terms of the agreement, Callaway and Topgolf will combine in an all-stock transaction creating a global golf and entertainment leader. The number of shares to be issued is based upon an implied equity value of Topgolf of approximately $2 billion, including the 14% already owned by Callaway. . . .

Under the terms of the merger agreement, Callaway will issue approximately 90 million shares of its common stock to the shareholders of Topgolf, excluding Callaway, which currently holds approximately 14% of Topgolf's outstanding shares. Upon completion of the merger, Callaway shareholders will own approximately 51.5% and Topgolf shareholders (excluding Callaway) will own approximately 48.5% of the combined company on a fully diluted basis.

The number of shares issued is based upon an implied equity value of Topgolf of $1.986 billion (including Callaway's ownership position). The number of shares issued is also based upon a fixed price of Callaway common stock of $19.40 per share. Callaway will assume Topgolf's net debt, which is estimated to be $555 million at closing, resulting in an estimated enterprise value for Topgolf of approximately $2.5 billion.

Governance and Leadership

Upon closing, the combined company's Board of Directors will consist of 13 directors, including three directors appointed by Topgolf shareholders. Chip Brewer will continue to lead the combined company as President and Chief Executive Officer. Dolf Berle will continue to lead the Topgolf business through a transition period following the close of the transaction, at which time he intends to step down to pursue other leadership opportunities. John Lundgren will continue as Chairman of the Board of the combined company, while Erik Anderson will serve as Vice Chairman.

Topgolf will continue to operate from its headquarters in Dallas, Texas.

Timing and Approvals

The transaction is subject to the approval of the shareholders of both Callaway and Topgolf, as well as other customary closing conditions, including required regulatory approval. The parties expect to complete the transaction in early 2021, subject to satisfaction of these conditions. . . .

Advisors

Goldman Sachs & Co. LLC served as the financial advisor to Callaway and Latham & Watkins LLP served as legal counsel. Morgan Stanley & Co. LLC and J.P. Morgan served as financial advisors and Weil, Gotshal & Manges LLP served as legal counsel to Topgolf.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

26. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

27. As set forth below, the Registration Statement omits material information.

28. First, the Registration Statement omits material information regarding the Company's and Topgolf's financial projections.

29. With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDAS and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

30. With respect to Topgolf's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDAS and unlevered free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman").

33. With respect to Goldman's Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

34. With respect to Goldman's Illustrative Present Value of Future Share Price Analyses (Standalone and Pro Forma), the Registration Statement fails to disclose: (i) Goldman's basis for applying the illustrative ranges of next 12 months' EV/EBITDA multiples used in the analyses; (ii) the illustrative enterprise values; (iii) the net debt used in the analyses; (iv) the individual inputs and assumptions underlying the discount rates used in the analyses; and (v) the number of fully diluted shares outstanding used in the analyses.

35. With respect to Goldman's Illustrative Discounted Cash Flow Analyses (Standalone and Pro Forma), the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates used in the analyses; (ii) the terminal values used in the analyses; (iii) the individual inputs and assumptions underlying the perpetuity growth rates used in the analyses; (iv) the net debt used in the analyses; (v) Callaway's NOLs; (vi) the number of fully diluted outstanding shares used in the analyses; and (vii) all line items used to calculate unlevered free cash flow.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. The omission of the above-referenced material information renders the Registration Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Callaway

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Callaway is liable as the issuer of these statements.

41. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

42. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

44. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Topgolf

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants and Romeo acted as controlling persons of Topgolf within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Callaway and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants and Topgolf was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

51. Topgolf also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

52. By virtue of the foregoing, the Individual Defendants and Topgolf violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants and Topgolf had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  December 23, 2020      **RIGRODSKY & LONG, P.A.**

By:  */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*